Good morning, Your Honor. This is Martin Guajardo on behalf of Balbir Kaur Singh. Your Honor, this case has been to the Court before. And there was an unopposed motion filed by the respondents at that time, and the case was remanded to the Board of Immigration Appeals. It has a bit of a procedural history that the Court, I'm sure, is already aware of. And we're back once again after we've received the decision from September 23, 2002, from the Board denying the reopening of this case. Denying the reopening or denying the motion for reconsideration of the reopening? Denying the motion to reconsider. Yes, Your Honor. As I understand it, they refused to consider the new case, which was the basis for the remand. They decided that it hadn't been timely because of the 90-day period. Is that the way you interpret it? That is accurate, Your Honor. And the respondents at page 14 of their brief concede that the Board acknowledged that since that time, I'll take a moment here, Your Honor. They acknowledged that there was a defect in the manner in which it was served, the proper service. So that's been conceded by the respondents for some time now. And I think that that essentially was the underlying basis. Was this petition for review filed timely with regard to the denial of the motion to reopen? I'm sorry? I'm sorry, once again. Was this petition, the current petition we have before us, timely filed with regard to the denial of the petition to reopen, the motion to reopen? I believe so, Your Honor. As opposed to the motion to reconsider, the motion to reopen. I'm trying to find out what's before us. I see. What's before this Court would be the decision of the Board dated September 23, and that is in the – And that is just on a very limited issue, which is whether this memorandum of the General Counsel should have caused the Board to reconsider its earlier denial of the motion to reopen. So that's all that's before us now. I think that's one way to look at it. What's the other way? And the other way to look at this is to – and I believe that Respondents also cite the Ma case in a footnote in their brief, and that is I think that the Court can actually take a look at the entire case. This case was remanded to the Board for them to consider the question of notice. Did that notice comply with the requirements? And the short answer is no. So that what we have is we have – But you didn't take a timely petition from the decision making – deciding that. Once again, you're saying – I'm saying that you did not take a timely petition, if I'm correct, from the denial of the motion to reopen. Is that right? That would be correct. We asked for reconsideration of that decision to the Board. That is absolutely correct. And we did so because by the time we reached that stage in the case, she, the petitioner in this case, in fact, was eligible to adjust her status as a result of her husband's application visa petition that had been approved and the priority date had become current. We then looked to the memorandum from Bo Cooper, 2001, and presented that to the Board. We felt that it's a matter of judicial economy, a matter of strategy, that that would be the way in which we would proceed. I think that today, if we look at this case, and as we've set forth in our brief, if we look at this case and conclude that the agency can actually take the benefit of executing an order of deportation against this petitioner, we essentially have signed off for them, if you will, a concession. We've said it's okay if you don't properly serve someone and you're able to obtain an order, a final order of removal. We'll uphold that because now, upon review, we're going to find that we're just simply going to limit our review of this particular case to the Bo Cooper memo. I think what we did initially back in 1999, if you will, the ---- All right. Well, even if we backed up one to the August 2001 decision, right, which was on the basis that the original petition for reopening wasn't filed timely, what about that? I think it raises the question of whether the 90-day period can actually apply when the agency has failed on its own to properly provide notice of the hearing. Because isn't what we're looking at factually that the petitioner in this case, she is given a hearing in 1995, and I believe that was the first hearing was in July of 1995. The immigration judge then resets that case to September 27th of 1995, and then the immigration judge finally sets that case to December 6th, 1995. And isn't the issue here, the core issue, was did the judge do what she was supposed to do, and that is was there proper notice? And if there wasn't proper notice, it's our position that from the very beginning, ab initio, that order cannot stand. At this point, I think that if we're looking at is there relief available to her, certainly there is. When we had a different attorney from oil present back in 1999 in May, that motion filed by oil at that point was let's send this case back over to the Board of Immigration Appeals. We certainly have raised questions with the Bo Cooper memo and essentially raising the question of should they have, should the agency on its own have simply said, look, we're going to join with you and we're going to reopen these proceedings, notwithstanding everything that's in this record, because we have a kinder, gentler agency that is going to help in this process. And obviously that hasn't occurred. We're in a situation where we have the fox. Make whatever to do it. Is there anything in the record to demonstrate that you asked them to do that? It was never filed with the experts because that went directly to the district counsel's office. But the request is in letter form to the district counsel's office for them to join. So far, none of the motions that my office, none of the requests that my office has made to the district counsel's office in San Francisco have been agreed to, if you will. As I understand it, when the service asked that the case be remanded, you never had an opportunity to argue to this court what your other petition had been. That is correct, Your Honor. So then when the BIA gets it back, it says, well, we're not going to look at this MS case because it wasn't timely. Well, you had appealed on the timely matter because of the notice being inappropriate. So it seems to me when they say that they are denying it because it wasn't timely, that you really have that issue which can be argued now. That's essentially our position. That's kind of the way I see it. But when we get to arguing that on the merits, your client was pretty deceptive. She pretended she'd gone to Canada when she hadn't. She gave a wrong address to which an uncertified notice, I guess, was sent. So the equities don't seem to be with her, do they? It seems I cannot condone the conduct of my client, Your Honor. But I think that two wrongs will not make a right, if you will. And that is, I think that if we... The problem was that they didn't send a certified letter to her last address, but they did send a letter to the address that she said she was at. Is that basically where we are? I mean, they sent a letter to Canada because she kept saying that's where she was. But not a certified letter to Canada. That's correct. That's correct. And my time's up, but, yes, thank you. Thank you very much. Cancel. Good morning again, Your Honors. May it please the Court. Jonathan Cohn representing the Attorney General. Your Honors, this Court lacks jurisdiction over all Petitioner's claims. Under the Supreme Court's decision in Stone, there's no jurisdiction to review any order except for the one denying reconsideration. We have this very peculiar situation, which has come up in other circumstances, where he filed a timely petition originally. And you, i.e., the INS, asked for a remand, right? That's right. So is your problem that if he had filed from the timely appeal or a timely petition from the motion to reopen decision, he could have gotten looped back to what he originally raised? That's right. He should have filed a PFR within 30 days of the August 8, 2001, denial of the motion to reopen. He didn't file a PFR, and that's why under Stone this Court lacks jurisdiction to review that order. I'm not quite understanding the procedures, I guess. The service asked that the case be remanded to give consideration to this matter of MS in that memo. Yes. Yes, Your Honor. And then you said, no, we're not going to consider it for her because her other matter was untimely, and that was what was before our Court. So we've never had an opportunity to say yes or no to that. Your Honor, what he should have done, as I mentioned, was file the petition for rehearing within 30 days of the denial. But even if his Court … If he had done that, we could have looped back to what was originally raised. That's exactly right, Your Honor. That's exactly correct. And even if his Court were to go beyond Stone and look at this case, Petitioner loses on other grounds as well because, for one thing, there is that 90-day rule. And he flouted a 90-day rule. He waited three years to file the motion to reopen. So even without Stone, which is directly on point, Petitioner still loses. Well, how could that matter? I mean, it was reopened, so why would that possibly matter? I mean, it was reopened, and if he had filed a timely petition from the reopener, even though his motion to reopen was late, there's also an exception that says when the INS joins in it, it's okay, and the INS did, and that's the end of that. When they joined the motion to reopen as opposed to joining in the remand motion to this Court, he hasn't argued that the INS joined in the motion to reopen because they haven't, and that's why the 90-day rule applies. So Stone, of course, is the first barrier, and this Court shouldn't go beyond that issue. But if it did, there's this 90-day rule, which all of the other cases have. No, but what Judge Fletcher is asking you is, leaving MS aside, he had an original issue that he raised with regard to the failure to send proper notice with a certified letter, and that certainly would have been before us. On the petition for reopen – on a petition from the motion to reopen, even though that wasn't what the motion to reopen was about. Well, he's still stuck by the 90-day rule. Now, what he might try to argue – Sorry, I don't understand that. Well, he raised this issue about the improper notice in his motion to reopen three years after the in absentia order, but under the regulations, he had to file the motion to reopen within 90 days of the motion to – of the in absentia order. I thought if there's no – if there's no – on an in absentia order, if there's no notice, he doesn't – there's no time limit. Yes, Your Honor. And that's the impression he tried to give you in his brief. Now, the no time limit is an exception that applies if the petitioner is arguing for rescission and if he says he received no notice of the original hearing. But if you look at the record, that's exactly not what he argued below. If you look at page 34 of the record, and it's a brief that Mr. Guajardo filed, he says in page 34 that he's not seeking rescission. And he says in page 35 that his client did receive notice. So because he's not seeking rescission and because his client did receive notice, the 90-day rule still applies. The exception does not apply. So by petitioner's own statements to the board, he should be bound. He's not seeking rescission. He's simply seeking MS relief. And as the board held, the relief that the board laid out in matter of MS, which says if you're not aware of the consequences of the in absentia order, then you can get reopening. Do you think he's waived the issue that he originally raised in his first petition for review? He expressly waived it on pages 34 and 35 of the record. And that's why the 90-day rule still applies. Now, again, you need not reach that issue, and you shouldn't because of the Stone issue, which is the first jurisdictional barrier. But all I'm saying is if you go beyond Stone, there's this 90-day barrier. There's a third barrier, which I think should preclude the court from reaching the merits, which is the behavior of petitioner in this case. As the board and the IJ found, the petitioner has unclean hands. The petitioner committed fraud. On the one hand, the petitioner said that she was in Vancouver, Canada. But then she admitted that, no, she was always in San Jose. And that was the problem. What happened here was a petitioner's own making. She chose to withdraw her application for asylum. She chose not to appear three separate times at the hearing. And then she waited three years to file the motion to reopen. So because of those equities, this Court should not reach the merits, even if it got past those jurisdictional hurdles. But the merits in this case aren't even that availing for a petitioner. For one thing, a matter of MS, petitioner is incorrect when she claims that she was not aware of the consequences of failing to appear. On page 198 of the record. But that's not the basis upon which the BIA decided against her. It did in the August 8, 2001, order. There's the other issue about not receiving notice of the hearing. And as for that merits issue, petitioner is also wrong because petitioner did receive notice through certified mail for the original OSC for the first moving of the date of the hearing to July and the second letter moving the hearing to September. The only letter that was not sent by certified mail is the one continuing the date from September to December. And what petitioner is trying to do. But that was the time at which they made the definitive ruling of removal. Correct, Your Honor. But petitioner, what she's trying to do is claim the benefits of the letter, the continuance, without the burden having to show up. Well, if that letter is not valid, if that continuance letter from September to December is not valid, then petitioner should have shown up in September. What she's trying to say is that she never got that letter not sent by certified mail, giving her a continuance. Well, if she never got the continuance, then, of course, she should have shown up in September in the first place. And she didn't. And the September hearing, she was notified of that through certified mail. So, of course, this Court shouldn't reach those merits issues because there are three barriers before that. You've got Stone. You've got the 90-day rule. You've got the unclean hands. All I'm saying is if the Court goes through all three of those hurdles and reaches the merits, then the Court should still rule against petitioner. If this Court has ---- I'm still not ---- I'm not sure this matters, but I'm still not entirely getting number two, the 90-day rule. If this was an in absentia order and her claim is no notice, now we can rule against her on the merits. But why doesn't she get the benefit of the no time limit rule? Well, the question is what her claim is. You're right. If her claim was, you know, you should rescind because I got no notice. No proper notice. Correct. Then you're right. The 90-day rule does not apply. What I'm saying is that really isn't the argument. She tries to make it seem like that's her argument in her brief to this Court. But if you look at pages 34 and 35, she expressly disclaims that argument. She says, I'm making a matter of MS argument. And that's why the 90-day rule still applies. Thank you. You also pose the issue of whether she waived any challenge to the denial of the motion to reconsider because she presented no argument to the board addressing the board's September 23rd denial. So that you claim two jurisdictional defects then at this stage, do you not? That's right, Your Honor. Correct. The stuff we're talking about relates to the two previous orders, the August 1st order by the board and the April 13th, 1999 order. If Petitioner were to have challenged the motion for reconsideration, then the stuff we talked about wouldn't apply. Stone would not apply. But he hasn't made those arguments. None has briefed, not to this Court. The only issue in the most recent order by the board was the general counsel memorandum issue, and that's not before this Court. Petitioner has not raised any arguments relating to that. What you're calling the waiver of the rescission occurred at the opening stage, not originally. That's correct, Your Honor, in the reply brief that Mr. Guajardo filed with the board. But the original petition for review did encompass this issue. Yeah. I think it could have fairly been read that way. But then he expressly disclaimed it. He disclaimed it with regard to the motion to reopen, but he didn't necessarily disclaim it with respect to his original petition. I think I'll grab the record, but he's pretty clear what he's saying. I have it right here. He says, Petitioner does not seek rescission of the in absentia order, but rather reopening In this proceeding, because in this proceeding he's seeking reopening. But he still had his other proceeding out there, which you basically short-circuited by asking for a remand. Well, if there's any ambiguity, I think the next page he clarifies it, because the brief says, She had in fact received proper notice of the hearing via properly served order to show cause, but failed to appear for the scheduled hearing. So I think that should constitute a waiver, and that's why the 90-day rule should apply. But as mentioned, if that issue is a hang-up for this Court, there are three other cases for this Court. Wait a minute. That was all referring to the matter of MS. Respondent matter of MS. She had in fact. She being the respondent matter of MS. You're wrong about that. Okay. Well, I'll do no further questions. I'll read it again. Thank you very much. Thank you, Your Honor. The matter of BK Singh v. Ashcroft is submitted, and we will go on to the Belmont Singh case. Thank you. Thank you. Thank you. Thank you.
judges: B Fletcher, Leavy, Berzon